IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 97-40671

Summary Calendar

---

UNITED STATES

Plaintiff-Appellee,

versus

LUIS GONZALEZ

Defendant-Appellant.

---

Appeal from the United States District Court
for the Eastern District of Texas
(1:95-CV-822)

---

October 16, 1998

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:*

Luis Gonzalez, federal prisoner no. 04434-078, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. Gonzalez has failed to address the issue of whether the magistrate judge's order denying his post-judgment motion for reconsideration, which was never adopted by the district court, is appealable. Gonzalez has abandoned any argument relating to the correctness of the post-judgment order. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Thus, this

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal is effective as to the district court's initial order denying § 2255 relief.

Gonzalez has shown neither cause nor prejudice resulting from failure to raise arguments regarding sufficiency of the evidence and "guilt by association" on direct appeal, and he is thereby procedurally barred from raising these issues in a § 2255 claim. *See United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991)(en banc). Gonzalez has not shown that counsel was ineffective for failing to question a witness regarding whether Gonzalez stated that he took responsibility for the vehicle and its contents. *See Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)("a conscious and informed decision on trial strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness"). The district court did not err by failing to hold an evidentiary hearing. *See United States v. Drummond*, 910 F.2d 284, 285 (5th Cir. 1990).

The district court did not commit plain error, when reviewing Gonzalez's § 2255 motion, by not finding that the sentencing court committed plain error when calculating his sentence. *See United States v. Vaughn*, 955 F.2d 367 (5th Cir. 1992). Finally, the district court did not commit plain error in failing to find that Gonzalez was deprived effective assistance of counsel at sentencing. *See United States v. Smith*, 915 F.2d 959, 963 (5th Cir. 1990).

AFFIRMED.